UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO A. PENATE, JOSE SANTIAGO SANTIAGO, MIGUEL ANGEL PLACIDO BAZAN, and RODOLFO MACEDA MARTINEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>DBTG CHAMBERS LLC (D/B/A DIRTY BIRD TO GO) and JOSEPH CIRIELLO,<br><br>*Defendants.* | **1:19-cv-8767(VEC)**<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs GUSTAVO A. PENATE, JOSE SANTIAGO SANTIAGO, MIGUEL ANGEL PLACIDO BAZAN, and RODOLFO MACEDA MARTINEZ ("Plaintiffs") on the one hand, and, on the other hand, Defendant DBTG CHAMBERS LLC (D/B/A DIRTY BIRD TO GO) ("Defendant LLC") and Individual Defendant JOSEPH CIRIELLO ("Individual Defendant"), (Defendant LLC and Individual Defendants collectively, "Defendants"), (Plaintiffs and Defendants collectively denoted "the Parties").

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-8767 (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, on or before February 2, 2021, the gross sum of Eight

Thousand Dollars and No Cents ($8,000.00) (the "Settlement Amount"), as follows:

(a) (i)A check in the amount of One-Thousand Two-Hundred Dollars and Zero Cents ($1,200.00) made payable to "Michael Faillace & Associates, P.C." for immediate deposit within 15 days of approval of the settlement agreement; and (ii) another check in the amount of Six-Thousand Eight-Hundred Dollars and Zero Cents ($6,800.00) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiffs" for immediate deposit within 15 days of approval of the settlement agreement. Failure of Defendants to pay all or part of the settlement amount in the matter prescribed in this subparagraph shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon any of Plaintiffs', or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(b) The payments set forth above in Paragraph 1(a) above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(c) Concurrently with the execution of this Agreement, the Individual Defendants shall execute the Confession of Judgment in the form attached hereto as Exhibit A and deliver to Plaintiffs' counsel a copy of said executed Confession of Judgment together with an executed copy of this Agreement. Said Confession of Judgment will be held in escrow by Plaintiffs' counsel and may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(a) above; and (ii) Defendants fail to cure such default within seven days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

2.    Release and Covenant Not To Sue:    Plaintiffs hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation, to wit, September 2013 through September 2019 ("the subject time period"). Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the Effective Date of this Agreement.

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiffs and Defendants.

5.     Acknowledgments:     Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     Default:     In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, including but not limited to the filing of the Confession of Judgment referenced in Paragraph 1(c) above, provided that no such court intervention shall be sought until seven days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, in addition to all other available remedies, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7.     Notices:     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:
Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: michael@faillacelaw.com

To Defendants:
Joseph Ciriello
285 Mott St. B25
New York, NY 10012
Email: dirtybirdgroup@gmail.com

And a copy (via email or regular mail) to:
Susanne Toes Keane, Esq.
New York Legal Assistance Group, Clinic for Pro Se Litigants
Thurgood Marshall US Courthouse
40 Foley Square, Room LL22
New York, NY 10007
Email: SKeane@nylag.org

8     Governing Law:     This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, or, in the event that the dispute does not meet the jurisdictional requirements of the Supreme Court of New York,

any court of the City or State of New York of competent jurisdiction, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York (or other court of the City or State of New York) exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.    Release Notification: Defendants have afforded Plaintiffs the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiffs acknowledges that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiffs acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiffs confirm that they understand the terms of this Agreement and are signing this Agreement voluntarily.

11.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF GUSTAVO A. PENATE**

_____          Date: _____

**PLAINTIFF JOSE SANTIAGO SANTIAGO**

_____          Date: _____

**PLAINTIFF MIGUEL ANGEL PLACIDO BAZAN**

_____          Date: _____

**PLAINTIFF RODOLFO MACEDA MARTINEZ**

_____          Date: _____

**PLAINTIFF RODOLFO MACEDA MARTINEZ**

_____     Date: _____

**DEFENDANTS**

DBTG CHAMBERS LLC (D/B/A DIRTY BIRD TO GO)

_____     Date: 12. 23. 2020
JOSEPH CIRIELLO (signature)

Title/ PRESIDENT

JOSEPH CIRIELLO (Individually)

_____     Date: 12. 23. 2020


# EXHIBIT A Begins on the Ensuing Page

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GUSTAVO A. PENATE, JOSE SANTIAGO
SANTIAGO, MIGUEL ANGEL PLACIDO
BAZAN, and RODOLFO MACEDA
MARTINEZ,

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

*Plaintiffs,*

-against-

DBTG CHAMBERS LLC (D/B/A DIRTY
BIRD TO GO) and JOSEPH CIRIELLO,
*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK   )

ss.:

COUNTY OF  NEW YORK )

JOSEPH CIRIELLO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiffs GUSTAVO A. PENATE, JOSE SANTIAGO SANTIAGO, MIGUEL ANGEL PLACIDO BAZAN, and RODOLFO MACEDA MARTINEZ ("Plaintiffs") for the sum of Twelve Thousand Dollars and Zero Cents ($12,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiffs or any of their successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
   a. Plaintiffs filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
   b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
   c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, including myself, agreed to, jointly and severally, pay the sum of $8,000 in full and complete settlement of all issues that were or could have been raised by Plaintiffs in the lawsuit, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in one installment;

1 of the Settlement Agreement entered into between the parties, in one installment;

d.  In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiffs are entitled to judgment against me in the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

Date: 12.23.2020

By:

JOSEPH CIRIELLO